In re the **MARRIAGE OF** Angelique Noelle **SPIEGEL** and Matthew Thomas Spiegel.

No. 07–98–0418–CV.

Court of Appeals of Texas, Amarillo.

Oct. 5, 1999.

David Moody, Lubbock, for appellant.

R. Deniece Jones, Lubbock, for appellee.

Before BOYD, C.J., and QUINN and REAVIS, JJ.

BRIAN QUINN, Justice.

Matthew Thomas Spiegel (Matthew) appeals from the trial court's denial of his request for a temporary injunction. The request was made in a divorce proceeding initiated by Angelique Noelle Spiegel (Angelique). We affirm.

### Background

Angelique petitioned for divorce alleging incompatibility and cruel treatment toward her by Matthew. Although the record

does not show that Matthew filed an answer seeking permanent injunctive relief, it does contain his application for temporary injunction. Through the latter, Matthew sought to enjoin Angelique from enforcing sections 6.402(b) and 6.008(a) of the Texas Family Code. The former section prohibited the use of special exceptions in divorce pleadings while the latter abolished the defense of recrimination. Furthermore, Matthew alleged that both sections were unconstitutional.

Following a hearing, the trial court denied the application via two orders. Both orders contained the following language: "[t]he specific reason for the Court's decision is: on record." We assume that the record referred to is the reporter's record, for there is nothing in the clerk's record indicating why the court held as it did.

Thereafter, Matthew timely filed a notice of appeal and designation of clerk's record. Absent, however, from the record before us is the reporter's record transcribing the proceedings at which his request for injunctive relief was considered. Moreover, that particular document is absent because Matthew so opted. As illustrated in the docketing statement executed by his counsel, he expressly stated that he "will not request a Reporter's Record."

### Issues Presented

In two issues appellant contends that the trial court erred in denying his application for a temporary injunction because the statutes involved are unconstitutional. Given the absence of the court reporter's record, we disagree.

### a. Standard of Review

■ First, we review temporary injunction rulings under an abuse of discretion standard and recognize that we may not modify or reverse them unless such an abuse is clearly shown. *Walling v. Metcalfe,* 863 S.W.2d 56, 58 (Tex.1993). An abuse of discretion arises when the trial court acts without reference to applicable guiding principles, *Sherrod v. Moore,* 819

S.W.2d 201, 202–203 (Tex.App.—Amarillo 1991, no writ); acts arbitrarily, *id., Garth v. Staktek Corp.,* 876 S.W.2d 545, 548 (Tex. App.—Austin 1994, writ dism'd w.o.j.); or misinterprets or misapplies the law, *id., 2300, Inc. v. City of Arlington,* 888 S.W.2d 123, 126 (Tex.App.—Fort Worth 1994, no writ).

■ Next, the purpose of a temporary injunction is to preserve the status quo until a final hearing on the merits. *Miller Paper Co. v. Roberts Paper Co.,* 901 S.W.2d 593, 597 (Tex.App.—Amarillo 1995, no writ). Furthermore, one is not entitled to same until he demonstrates a probable injury and a probable right of recovery. *Garth v. Staktek Corp.,* 876 S.W.2d at 548. A probable right of recovery is proven by alleging the existence of a right and presenting evidence tending to illustrate that the right is being denied. *Miller Paper Co. v. Roberts Paper Co.,* 901 S.W.2d at 597. Probable injury is proven through evidence of imminent harm, irreparable injury, and the lack of an adequate legal remedy. *Id.* As can be seen, both prongs require the presentation of evidence and, unlike temporary restraining orders, cannot be based upon sworn pleadings or affidavits unless the parties so agree. *Millwrights Local Union No. 2484 v. Rust Engineering Co.,* 433 S.W.2d 683, 685–87 (Tex.1968); *Rogers v. Howell,* 592 S.W.2d 402, 403 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.).

■ Finally, it is axiomatic that we must forego addressing constitutional argument if the dispute can be resolved on other grounds. *State v. Windham,* 837 S.W.2d 73, 78 n. 4 (Tex.1992); *San Antonio Gen. Drivers v. Thornton,* 156 Tex. 641, 299 S.W.2d 911, 915 (1957). In other words, if affirmance or reversal is appropriate for reasons other than the constitutionality or unconstitutionality of the particular statute or act involved, we must affirm or reverse on those other grounds. *Id.*

### b. Application of Standard

■ The constitutional validity of the statutes attacked by Matthew matters not to the resolution of this appeal. This is so because the absence of a reporter's record is dispositive. Again, whether Matthew was entitled to a temporary injunction depended upon the evidence presented in support of his application for relief. Without a reporter's record we do not know what, if any, evidence was presented to the trial court. Nor are we able to assess whether Matthew satisfied the elements considered by *Miller Paper* as prerequisites to obtaining such relief. Moreover, the reporter's record is so pivotal to our review that its absence obligates us to presume that the missing evidence actually supported the trial court's ruling. *Bryant v. United Shortline Inc.*, 972 S.W.2d 26, 31 (Tex.1998). Therefore, under the circumstances at bar, we have no choice but to presume that the evidence received by the court legitimized its decision to deny Matthews the temporary injunction.

■ While some may think that the rule in *Bryant* and like cases may have been abrogated by the new rules of appellate procedure, we disagree. Admittedly, *Bryant* and its predecessors were based on the notion that the appellant had the burden of providing the appeals court with a record sufficient to prove error; indeed, the rules of appellate procedure in existence before September 1, 1997 said as much. *See* Tex.R.App. P. 50(d) (repealed September 1, 1997). And, when that burden went unsatisfied, we were to presume that the missing portions of the record supported the court's decision. *Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex.1991). So too do we admit that the current rules of appellate procedure state that the court reporter (as opposed to appellant) is responsible for preparing, certifying, and timely filing the reporter's record. Tex. R.App. P. 35.3(b). Yet, should one continue

reading Rule 35.3(b) he will discover that the reporter's responsibility is expressly conditioned upon the filing of notice of appeal, requesting that the reporter's record be prepared, and paying for or making arrangements to pay for the reporter's record. *Id.* at 35.3(b)(1)-(3); *Rodriguez v. State*, 970 S.W.2d 133, 135 (Tex.App.— Amarillo 1998, pet. ref'd) (involving the clerk's record). So, as can be seen, the onus upon an appellant to secure an adequate appellate record may be less but it still exists in a limited way. Thus, if he does not satisfy it by completing the steps required under rule 35.3(b)(1), (2), and (3), his actions continue to deny us a sufficient record with which to review his complaints. And, to that extent, the rationale and rule of *Bryant* should, and do, remain viable. Simply put, if the reporter's record is absent because the appellant did not satisfy rule 35.3(b), we will not only continue to presume that the missing record supports the trial court's determination but also forego reviewing the dispute as authorized under appellate rule 37.3(c).[1]

Accordingly, we affirm the orders denying the application for temporary injunction because Matthew Thomas Spiegel opted not to provide us with a complete record.

---

1. Texas Rule of Appellate Procedure 37.3(c) directs us to address those issues that do not need the reporter's record for decision. Implicit therein is the notion that we need not consider those issues that are dependent upon

the presence of the document. In other words, when the reporter's record is missing and the issue before us depends upon matters within that record we may overrule or reject it.