TROY LEE HARMS V STATE OF TEXAS



 NO. 07-02-0040-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MARCH 5, 2002


______________________________



ROBERT HERRING
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 2001-435,386; HON. CECIL PURYEAR, PRESIDING


_______________________________



ABATEMENT AND REMAND


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Appellant, Robert Herring appeals from a judgment under which he was convicted
of failure to register as a sex offender and sentenced to two years in a state jail. The
clerk's record is due in this cause, and an extension of the applicable deadline was sought. 
To justify the extension, the district clerk represented that appellant has not paid or made
arrangements to pay for the record. However, the docketing statement indicates that
appellant sought the appointment of counsel at one time due to his inability to employ
same. If he is a pauper and unable to pay the fees and costs associated with an appeal,
he also would be entitled to acquire an appellate record free of cost.

 Accordingly, we now abate this appeal and remand the cause to the 137th District
Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court
shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing
to determine the following: 

 1. whether appellant desires to prosecute the appeal; 

 2. whether appellant is indigent; and,

 3. whether the appellant is entitled to a free appellate record. 

The trial court shall cause the hearing to be transcribed. So too shall it 1) execute findings
of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed
a supplemental clerk's record containing the findings of fact and conclusions of law and
all orders it may issue as a result of its hearing on this matter, and 3) cause to be
developed a reporter's record transcribing the evidence and arguments presented at the
aforementioned hearing. Additionally, the district court shall then file the supplemental
record with the clerk of this court on or before April 4, 2002. Should further time be
needed by the trial court to perform these tasks, then same must be requested before April
4, 2002. 

 It is so ordered. 

 Per Curiam 

 Do not publish. 

 



e Marriage of Spiegel, 6 S.W.3d 643, 646
(Tex.App.-Amarillo 1999, no pet.).

 Appellant's failure to perform the steps necessary to obtaining a record for our perusal 
after repeated extensions of time is indicative of a failure to adequately prosecute this
appeal. This is particularly true in view of the trial court's ruling refusing to find she is
indigent.

 Accordingly, this appeal must be and, it is hereby dismissed. Tex. R. App. P. 42.3(b),
42.3(c).

 John T. Boyd

 Senior Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.