WILSON V. WILSON



NO. 07-02-0239-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



DECEMBER 3, 2002



______________________________




BRENDA KAY WILSON, APPELLANT



V.



DORRIS CARLTON WILSON, JR., APPELLEE




_________________________________



FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;



NO. 34,736; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________




Before REAVIS and JOHNSON, JJ. and BOYD, S.J. (1)


OPINION ON MOTION TO DISMISS



 The trial court rendered judgment in this cause in favor of appellee Dorris Carlton
Wilson, Jr. on February 25, 2002. Appellant timely filed her notice of appeal from that 
Judgment and filed an indigence affidavit in connection with the appeal. A contest to the
indigence affidavit filed by the court reporter and appellee Dorris Carlton Wilson, Jr. was
sustained by the trial court on June 14, 2002. Although appellant has filed an indigency
motion in this court, we are bound by the trial court's fact finding.

 Although four motions for extension of time for filing the clerk's and reporter's records
have been granted by this court, with the last such extension being granted to October 8,
2002, neither the clerk's nor the reporter's records have been filed because the necessary
deposits for the preparation of those records have not been made.

 Both the trial court clerk and the court reporter are responsible for preparing,
certifying, and timely filing their records. Tex. R. App. P. 35.3. However, neither of them is
responsible for preparing and filing the record unless a timely notice of appeal has been filed
and satisfactory arrangements have been made to pay the fee for the preparation of the
record. Tex. R. App. P. 35.3(a)and (b); In re Marriage of Spiegel, 6 S.W.3d 643, 646
(Tex.App.-Amarillo 1999, no pet.).

 Appellant's failure to perform the steps necessary to obtaining a record for our perusal 
after repeated extensions of time is indicative of a failure to adequately prosecute this
appeal. This is particularly true in view of the trial court's ruling refusing to find she is
indigent.

 Accordingly, this appeal must be and, it is hereby dismissed. Tex. R. App. P. 42.3(b),
42.3(c).

 John T. Boyd

 Senior Justice


Do not publish. 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.



o jurisdiction over the appeal simply because appellant filed a
general notice of appeal. 

 Issue One

 Again, through her only issue, appellant contends that the trial court erred when it
failed to consider the full range of punishment. We overrule the contention.

 To preserve a complaint for review, the record must show that the complainant
urged it to the trial court by a timely request, objection, or motion stating the grounds for
the ruling sought with sufficient specificity to make the trial court aware of the complaint
unless the grounds are apparent from the record. Tex. R. App. P. 33.1(a); Vidaurri, 49
S.W.3d at 885-86. The record illustrates that appellant never contended below (by
objection, motion or otherwise) that the trial court failed to consider the full range of
punishment. Thus, the issue was not preserved for review. 

 Nor did appellant provide us with citation to any legal authority supporting her short
argument that the failure to consider the full range of punishment constitutes reversible
error. This too results in the waiver of the matter. See Tex. R. App. P. 38.1(h) (requiring
that appellants provide the reviewing court with citation to legal authority); Pachecano v.
State, 881 S.W.2d 537, 545 (Tex. App.--Fort Worth 1994, no pet.) (holding that because
the appellant did not provide citation to legal authority, he waived the complaint). 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice 

 


Publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. gov't
code ann. §75.002(a)(1) (Vernon Supp. 2002).
2. In Kirtley, the appellant was asserting that he was denied effective assistance of counsel at the
punishment hearing. Appellant had pled guilty and received deferred adjudication and community
supervision. The trial court subsequently adjudicated him guilty, and Kirtley appealed. In response to the
contention that appellant's general notice of appeal did not vest the reviewing court with jurisdiction, the
Court of Criminal Appeals noted that Rule 25.2(b)(3) does not apply when asserting issues unrelated to the
conviction. Kirtley, 56 S.W.3d at 51-52. Then it stated that a claim of ineffective assistance of counsel "at
the punishment hearing after adjudication of guilt is 'unrelated to' a claim regarding the propriety of the
conviction." Id. at 51 (emphasis in original). In italicizing the phrase "at the punishment hearing," the Court
of Criminal Appeals evinces that error arising during that phase of the trial is unrelated to the conviction.