NO. 07-02-0239-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

DECEMBER 3, 2002

_____

BRENDA KAY WILSON, APPELLANT

V.

DORRIS CARLTON WILSON, JR., APPELLEE

_____

FROM THE 316TH DISTRICT COURT OF HUTCHINSON COUNTY;

NO. 34,736; HONORABLE STEVEN R. EMMERT, JUDGE

_____

Before REAVIS and JOHNSON, JJ. and BOYD, S.J.[*]

**OPINION ON MOTION TO DISMISS**

The trial court rendered judgment in this cause in favor of appellee Dorris Carlton Wilson, Jr. on February 25, 2002. Appellant timely filed her notice of appeal from that Judgment and filed an indigence affidavit in connection with the appeal. A contest to the indigence affidavit filed by the court reporter and appellee Dorris Carlton Wilson, Jr. was

---

[*]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

sustained by the trial court on June 14, 2002. Although appellant has filed an indigency motion in this court, we are bound by the trial court's fact finding.

Although four motions for extension of time for filing the clerk's and reporter's records have been granted by this court, with the last such extension being granted to October 8, 2002, neither the clerk's nor the reporter's records have been filed because the necessary deposits for the preparation of those records have not been made.

Both the trial court clerk and the court reporter are responsible for preparing, certifying, and timely filing their records. Tex. R. App. P. 35.3. However, neither of them is responsible for preparing and filing the record unless a timely notice of appeal has been filed and satisfactory arrangements have been made to pay the fee for the preparation of the record. Tex. R. App. P. 35.3(a)and (b); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex.App.–Amarillo 1999, no pet.).

Appellant's failure to perform the steps necessary to obtaining a record for our perusal after repeated extensions of time is indicative of a failure to adequately prosecute this appeal. This is particularly true in view of the trial court's ruling refusing to find she is indigent.

Accordingly, this appeal must be and, it is hereby dismissed. Tex. R. App. P. 42.3(b), 42.3(c).

John T. Boyd
Senior Justice

Do not publish.