COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-075-CV

 

 

CLARA PATRICK                                                                 APPELLANT

 

                                                   V.

 

DEWAYNE ALAN WATSON                                                      APPELLEE

 

                                              ------------

 

          FROM
COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.      Introduction








Appellee DeWayne Alan Watson
sued Appellant Clara Patrick for conversion and violation of the Texas Theft
Liability Act.[2]  Based on the jury=s findings, the trial court rendered judgment in favor of Watson.  Patrick challenges the legal and factual
sufficiency of the evidence to support the jury=s findings and the trial court=s judgment.[3]  We affirm. 

II.     Background

Because Patrick has failed to
provide us with a reporter=s record, our background summary is taken from the allegations made in
the various pleadings, the jury=s findings, and the procedural history reflected in the clerk=s record.  See Tex. R. App. P. 37.3(c).  In March 2004, WatsonCostensibly on behalf of his churchCsigned a lease with Patrick for commercial property to be used by
Watson=s church.  After the church
began using the property, a fire damaged the premises.  Believing that Patrick had breached the lease
by failing to repair the damage caused by the fire, the church abandoned the
premises and terminated the lease. 
According to Watson=s petition, despite providing adequate notice, Patrick failed to
return personal property that belonged to Watson, wrongfully sold the personal
property, and kept the proceeds.  








On January 16, 2007, a jury
trial was held.  The jury found that
Watson was not a party to the lease between Patrick and the church.  The jury also found that Patrick committed
conversion and theft in the amount of $4,840.00 and awarded Watson attorney
fees in the amount of $20,000.00.  On
February 7, 2007, the trial court rendered judgment on these findings in favor
of Watson.  On March 5, 2007, Patrick
filed this appeal.  

On June 6, 2007, this court
sent a letter to Patrick informing her that she had until June 21, 2007, to
provide this court with proof that she had either paid or made arrangements to
pay the court reporter for preparing the record and that her failure to do so
would limit this court=s
consideration to those issues that did not require a reporter=s record for a decision.  See
Tex. R. App. P. 37.3(c).  Patrick did not provide this court with proof
of payment.  On June 22, 2007, this court
sent a letter to Patrick informing her that she had failed to pay or make
arrangements to pay for the reporter=s record and that this court would only consider and decide those
issues that did not require a reporter=s record for a decision.  See
Id.  

III.     Discussion

In three issues, Patrick
challenges the legal and factual sufficiency of the evidence to support the
jury=s findings that Watson was not a party to the lease and that he was entitled
to attorney=s fees in
the amount of $20,000.00.  








Texas Rule of Appellate
Procedure 37.3(c) directs us to address those issues that do not need the
reporter=s record for decision.  See
Tex. R. App. P. 37.3(c).  Implicit therein is the notion that we need
not consider those issues that are dependent upon the reporter=s record.  In re Spiegel,
6 S.W.3d 643, 646 (Tex. App.CAmarillo 1999, no pet.).  In
other words, when the reporter=s record is missing and the issue before us depends upon matters
within that record, we may overrule or reject it.  Id.  We must presume there was evidence to support
the findings of the jury and the trial court=s judgment rendered on those findings. 
Bryant v. United Shortline, Inc. Assurance Servs., 972 S.W.2d 26,
31 (Tex. 1998); Mays v. Pierce, 281 S.W.2d 79, 82 (Tex. 1955).  Therefore, we must overrule Patrick=s legal and factual sufficiency complaints because there is no
reporter=s record of the jury trial in this case.  See Bryant, 972 S.W.2d at 31.  Accordingly, we overrule Patrick=s three issues.

IV.    Conclusion

Having overruled each of
Patrick=s issues, we affirm the trial court=s judgment.  

PER CURIAM

 

PANEL B:   GARDNER, WALKER, and MCCOY, JJ.

 

DELIVERED:
July 24, 2008











[1]See Tex. R. App. P. 47.4.





[2]See Tex. Civ. Prac. & Rem. Code Ann. ' 134.001
et seq. (Vernon 2005).





[3]Patrick
does not specifically identify whether she is making a legal or factual
sufficiency argument in each of these issues. 
In part of her brief she describes how there was Afactually
insufficient@
evidence to support each of these issues, but later she asks this court to
render judgment in her favor, a remedy available only in the context of a legal
sufficiency challenge.  See Elias
v. Mr. Yamaha, Inc., 33 S.W.3d 54, 59 (Tex. App.CEl
Paso 2000, no pet.)(construing appellant=s challenge as a legal
sufficiency challenge because in prayer for relief appellant asked for court to
render judgment).  We therefore construe
her issues as both legal and factual sufficiency challenges.