

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-075-CV

CLARA PATRICK                                                    APPELLANT

V.

DEWAYNE ALAN WATSON                                             APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 2 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

Appellee DeWayne Alan Watson sued Appellant Clara Patrick for conversion and violation of the Texas Theft Liability Act.[2] Based on the jury's findings, the trial court rendered judgment in favor of Watson. Patrick

---

[1] *See* TEX. R. APP. P. 47.4.

[2] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 134.001 *et seq.* (Vernon 2005).

challenges the legal and factual sufficiency of the evidence to support the jury's findings and the trial court's judgment.[3]  We affirm.

## II.    Background

Because Patrick has failed to provide us with a reporter's record, our background summary is taken from the allegations made in the various pleadings, the jury's findings, and the procedural history reflected in the clerk's record.  *See* TEX. R. APP. P. 37.3(c).  In March 2004, Watson—ostensibly on behalf of his church—signed a lease with Patrick for commercial property to be used by Watson's church.  After the church began using the property, a fire damaged the premises.  Believing that Patrick had breached the lease by failing to repair the damage caused by the fire, the church abandoned the premises and terminated the lease.  According to Watson's petition, despite providing adequate notice, Patrick failed to return personal property that belonged to Watson, wrongfully sold the personal property, and kept the proceeds.

---

[3] Patrick does not specifically identify whether she is making a legal or factual sufficiency argument in each of these issues.  In part of her brief she describes how there was "factually insufficient" evidence to support each of these issues, but later she asks this court to render judgment in her favor, a remedy available only in the context of a legal sufficiency challenge. *See Elias v. Mr. Yamaha, Inc.*, 33 S.W.3d 54, 59 (Tex. App.—El Paso 2000, no pet.)(construing appellant's challenge as a legal sufficiency challenge because in prayer for relief appellant asked for court to render judgment).  We therefore construe her issues as both legal and factual sufficiency challenges.

2

On January 16, 2007, a jury trial was held. The jury found that Watson was not a party to the lease between Patrick and the church. The jury also found that Patrick committed conversion and theft in the amount of $4,840.00 and awarded Watson attorney fees in the amount of $20,000.00. On February 7, 2007, the trial court rendered judgment on these findings in favor of Watson. On March 5, 2007, Patrick filed this appeal.

On June 6, 2007, this court sent a letter to Patrick informing her that she had until June 21, 2007, to provide this court with proof that she had either paid or made arrangements to pay the court reporter for preparing the record and that her failure to do so would limit this court's consideration to those issues that did not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c). Patrick did not provide this court with proof of payment. On June 22, 2007, this court sent a letter to Patrick informing her that she had failed to pay or make arrangements to pay for the reporter's record and that this court would only consider and decide those issues that did not require a reporter's record for a decision. *See Id.*

III. **Discussion**

In three issues, Patrick challenges the legal and factual sufficiency of the evidence to support the jury's findings that Watson was not a party to the lease and that he was entitled to attorney's fees in the amount of $20,000.00.

3

Texas Rule of Appellate Procedure 37.3(c) directs us to address those issues that do not need the reporter's record for decision. *See* TEX. R. APP. P. 37.3(c). Implicit therein is the notion that we need not consider those issues that are dependent upon the reporter's record. *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). In other words, when the reporter's record is missing and the issue before us depends upon matters within that record, we may overrule or reject it. *Id.* We must presume there was evidence to support the findings of the jury and the trial court's judgment rendered on those findings. *Bryant v. United Shortline, Inc. Assurance Servs.*, 972 S.W.2d 26, 31 (Tex. 1998); *Mays v. Pierce*, 281 S.W.2d 79, 82 (Tex. 1955). Therefore, we must overrule Patrick's legal and factual sufficiency complaints because there is no reporter's record of the jury trial in this case. *See Bryant*, 972 S.W.2d at 31. Accordingly, we overrule Patrick's three issues.

**IV.    Conclusion**

Having overruled each of Patrick's issues, we affirm the trial court's judgment.

PER CURIAM

PANEL B:    GARDNER, WALKER, and MCCOY, JJ.

DELIVERED: July 24, 2008

4