MEMORANDUM OPINION

 

No. 04-10-00052-CV

 

Seymour PERKINS
Sr.,

Appellant

 

v.

 

CITY OF SAN
ANTONIO,

Appellee

 

From the 166th
Judicial District Court, Bexar County, Texas

Trial Court No. 2007-CI-18926

Honorable Solomon
Casseb III, Judge Presiding

 

Opinion by:   Marialyn Barnard, Justice

 

Sitting:                     Rebecca Simmons, Justice

                     Steven
C. Hilbig, Justice

                     Marialyn
Barnard, Justice

 

Delivered and
Filed:  November 3, 2010

 

AFFIRMED

 

           Appellant
Seymour Perkins Sr. appeals the trial court’s affirmation of a board order
finding Perkins’s building a nuisance and ordering demolition.  The building
was subsequently demolished, and Perkins argues this demolition instituted a
taking on the part of the City of San Antonio (“the City”).  On appeal, Perkins
contends the trial court erred: (1) in denying him the right to present
evidence of an alleged due process violation; (2) in denying him the right to
conduct discovery on an alleged due process violation; and (3) in holding the
composition of the City’s Dangerous Structures Determination Board (“the
Board”) did not violate his due process right to a fair hearing.  We affirm the
trial court’s judgment. 

Discussion

           Appellant
did not cause a reporter’s record to be filed with this court.  On May 4, 2010,
we ordered Perkins to serve the court reporter with a request for the record
and file a copy of the request with this court.  Perkins failed to do so. 
Because of this failure, on July 7, 2010, we informed Perkins by order that
this court would consider only those issues that did not require a reporter’s
record.  

An appellant’s brief “must contain a clear and concise
argument for the contentions made, with appropriate citations to authorities
and to the record.”  Tex. R. App. P.
38.1(i).  Also, it is the appellant’s burden to request the record from the
court reporter and serve a copy of the request with the appellate court.  Tex. R. App. P. 35.3(b).  “[T]he
reporter’s record is so pivotal to our review that its absence obligates us to
presume that the missing evidence actually supported the trial court’s
ruling.”  In re Marriage of Spiegel, 6 S.W.3d 643, 646 (Tex.
App.—Amarillo 1999, no pet.) (citing Bryant v. United Shortline Inc.,
972 S.W.2d 26, 31 (Tex. 1998)).

A rendition of the facts is unnecessary given our
disposition of the appeal.  Accordingly, no facts are given.[1]

Evidence

           In his first issue, Perkins asserts he was denied due process
because the trial court did not allow him to present evidence that the Board
acted with fraud, bad faith, or abused its discretion.

           Because there is no reporter’s record, we cannot determine if
Perkins preserved this alleged error with a timely objection in the trial
court.  See Tex. R. App. P. 33(a)(1). 
Without a reporter’s record, the missing evidence is presumed to support the
trial court’s decision.  In re Marriage of Spiegel, 6 S.W.3d at 646. 
Therefore, we must assume the alleged evidence Perkins intended to introduce
would have supported the trial court’s decision.  Accordingly, we overrule
Perkins’s first issue.

Discovery

           In
his second issue, Perkins argues he was denied due process when the trial court
denied him the opportunity to conduct discovery into whether the Board acted
with fraud, bad faith, or abused its discretion.  

           Because
Perkins did not request the reporter’s record, we cannot ascertain whether he requested
any discovery on this issue.  In reviewing the clerk’s record, we found no
documents showing Perkins requested the trial court grant him an opportunity to
conduct discovery.  Although we have found a subpoena duces tecum in the
clerk’s record, there is nothing else in the record to indicate what action, if
any, was taken by either the parties or the trial court with regard to the
subpoena.  Given this, and the absence of a reporter’s record, we cannot
ascertain whether this issue was presented to, or ruled upon, by the trial
court.  See Tex. R. App. P.
33(a)(1).  Therefore, we overrule Perkins’s second issue.

Composition of the Board

In his third issue, Perkins contends the trial court
erred in holding the composition of the Board did not violate his due process
rights.  Perkins argues that because the Board is composed of city employees,
the Board is biased.  

The Rules of Appellate Procedure require appellate
briefs to “contain a clear and concise argument for the contention made, with
appropriate citations to authorities and to the record.”  Tex. R. App. P. 38.1(h) (emphasis
added).  Although the rule is to be liberally construed, the party asserting
error must make specific arguments with some analysis, and provide citations to
both authority and the record in support of appellant’s contentions or the
issue is waived.  San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 338
(Tex. App.—Houston [14th Dist.] 2005, no. pet.).  “A party asserting error on
appeal bears the burden of showing that the record supports the contention
raised, and of specifying the place in the record where matters upon which [it]
relies or of which [it] complains are shown.”  Sisters of Charity of
Incarnate Word, Houston, Tex. v. Gobert, 992 S.W.2d 25, 31 (Tex.
App.—Houston [1st Dist.] 1997, no pet.), disapproved of on other grounds by
Diversicare Gen. Partner, Inc. v. Rubio, 185 S.W.3d 842 (Tex. 2005); see
also In re D.M.D, No. 04-09-00370-CV, 2009 WL 4861171, at *2 (Tex. App.—San
Antonio Dec. 16, 2009, no pet.) (mem. op.) (waiver was proper because appellant
failed to cite to record in her brief to show reversible error for her due
process contention).   

No reporter’s record was filed and Perkins failed to
cite to the clerk’s record.  In the absence of any citations to the record in
support of his third issue, Perkins has presented nothing for our review. 
Accordingly, we overrule this issue.

Conclusion

Based
on the foregoing, we overrule Perkins’s issues and we affirm the trial court’s
judgment.

 

Marialyn Barnard, Justice

 

 

 

 

 

 

 

 

 

 

 

 









[1] Should anyone desire to obtain the
factual background of this matter, please refer to our opinion in the first
appeal by Perkins.  See Perkins v. City of San Antonio, 293 S.W.3d 650 (Tex.
App.—San Antonio 2009, no pet.)