Court of Appeals
Fourth Court of Appeals District of Texas



# MEMORANDUM OPINION

No. 04-10-00052-CV

Seymour **PERKINS** Sr.,
Appellant

v.

**CITY OF SAN ANTONIO**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CI-18926
Honorable Solomon Casseb III, Judge Presiding

Opinion by:    Marialyn Barnard, Justice

Sitting:        Rebecca Simmons, Justice
                Steven C. Hilbig, Justice
                Marialyn Barnard, Justice

Delivered and Filed:  November 3, 2010

AFFIRMED

Appellant Seymour Perkins Sr. appeals the trial court's affirmation of a board order finding Perkins's building a nuisance and ordering demolition. The building was subsequently demolished, and Perkins argues this demolition instituted a taking on the part of the City of San Antonio ("the City"). On appeal, Perkins contends the trial court erred: (1) in denying him the right to present evidence of an alleged due process violation; (2) in denying him the right to conduct discovery on an alleged due process violation; and (3) in holding the composition of the

City's Dangerous Structures Determination Board ("the Board") did not violate his due process right to a fair hearing.  We affirm the trial court's judgment.

## DISCUSSION

Appellant did not cause a reporter's record to be filed with this court.  On May 4, 2010, we ordered Perkins to serve the court reporter with a request for the record and file a copy of the request with this court.  Perkins failed to do so.  Because of this failure, on July 7, 2010, we informed Perkins by order that this court would consider only those issues that did not require a reporter's record.

An appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."  TEX. R. APP. P. 38.1(i).  Also, it is the appellant's burden to request the record from the court reporter and serve a copy of the request with the appellate court.  TEX. R. APP. P. 35.3(b).  "[T]he reporter's record is so pivotal to our review that its absence obligates us to presume that the missing evidence actually supported the trial court's ruling."  *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.) (citing *Bryant v. United Shortline Inc.*, 972 S.W.2d 26, 31 (Tex. 1998)).

A rendition of the facts is unnecessary given our disposition of the appeal.  Accordingly, no facts are given.[1]

### *Evidence*

In his first issue, Perkins asserts he was denied due process because the trial court did not allow him to present evidence that the Board acted with fraud, bad faith, or abused its discretion.

Because there is no reporter's record, we cannot determine if Perkins preserved this alleged error with a timely objection in the trial court.  *See* TEX. R. APP. P. 33(a)(1).  Without a

---

[1] Should anyone desire to obtain the factual background of this matter, please refer to our opinion in the first appeal by Perkins. *See Perkins v. City of San Antonio*, 293 S.W.3d 650 (Tex. App.—San Antonio 2009, no pet.)

reporter's record, the missing evidence is presumed to support the trial court's decision. *In re Marriage of Spiegel*, 6 S.W.3d at 646. Therefore, we must assume the alleged evidence Perkins intended to introduce would have supported the trial court's decision. Accordingly, we overrule Perkins's first issue.

### *Discovery*

In his second issue, Perkins argues he was denied due process when the trial court denied him the opportunity to conduct discovery into whether the Board acted with fraud, bad faith, or abused its discretion.

Because Perkins did not request the reporter's record, we cannot ascertain whether he requested any discovery on this issue. In reviewing the clerk's record, we found no documents showing Perkins requested the trial court grant him an opportunity to conduct discovery. Although we have found a subpoena duces tecum in the clerk's record, there is nothing else in the record to indicate what action, if any, was taken by either the parties or the trial court with regard to the subpoena. Given this, and the absence of a reporter's record, we cannot ascertain whether this issue was presented to, or ruled upon, by the trial court. See TEX. R. APP. P. 33(a)(1). Therefore, we overrule Perkins's second issue.

### *Composition of the Board*

In his third issue, Perkins contends the trial court erred in holding the composition of the Board did not violate his due process rights. Perkins argues that because the Board is composed of city employees, the Board is biased.

The Rules of Appellate Procedure require appellate briefs to "contain a clear and concise argument for the contention made, with appropriate citations to authorities and to the *record*." TEX. R. APP. P. 38.1(h) (emphasis added). Although the rule is to be liberally construed, the

party asserting error must make specific arguments with some analysis, and provide citations to both authority and the record in support of appellant's contentions or the issue is waived. *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no. pet.). "A party asserting error on appeal bears the burden of showing that the record supports the contention raised, and of specifying the place in the record where matters upon which [it] relies or of which [it] complains are shown." *Sisters of Charity of Incarnate Word, Houston, Tex. v. Gobert*, 992 S.W.2d 25, 31 (Tex. App.—Houston [1st Dist.] 1997, no pet.), *disapproved of on other grounds by Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842 (Tex. 2005); *see also In re D.M.D*, No. 04-09-00370-CV, 2009 WL 4861171, at *2 (Tex. App.—San Antonio Dec. 16, 2009, no pet.) (mem. op.) (waiver was proper because appellant failed to cite to record in her brief to show reversible error for her due process contention).

No reporter's record was filed and Perkins failed to cite to the clerk's record. In the absence of any citations to the record in support of his third issue, Perkins has presented nothing for our review. Accordingly, we overrule this issue.

## CONCLUSION

Based on the foregoing, we overrule Perkins's issues and we affirm the trial court's judgment.

Marialyn Barnard, Justice