# NO. 12-15-00210-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN THE INTEREST OF* | § | *APPEAL FROM THE 321ST* |
| *G.S. AND J.W.,* | § | *JUDICIAL DISTRICT COURT* |
| *CHILDREN* | § | *SMITH COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

J.N., proceeding pro se, appeals the termination of her parental rights to G.S. and J.W. We affirm.

### BACKGROUND

J.N. is the mother of two children, G.S., born on December 4, 2006, and J.W., born on June 2, 2014. On July 30, 2014, the Department of Family and Protective Services (the Department) filed an original petition for protection of G.S. and J.W., for conservatorship, and for termination of J.N.'s parental rights. That same day, the trial court signed an order for protection of a child in an emergency and appointed the Department as the temporary sole managing conservator of the children. On August 14, 2014, J.N. agreed to the trial court's appointing the Department as the temporary sole managing conservator of the children and appointing J.N. as their temporary possessory conservator.[1]

On July 15, 2015, the trial court terminated J.N.'s parental rights pursuant to Section 161.001, subsections (b)(1)(K) and (b)(2) of the family code.[2] This appeal followed.

---

[1] G.S.1 is the father of G.S., and J.W.1 is the father of J.W. G.S.1 and J.W.1 were appointed temporary possessory conservator for their respective child. Ultimately, their parental rights were terminated, and neither father is a party to this appeal.

[2] Subsections (b)(1)(K) and (b)(2) provide that a trial court may order termination of the parent-child relationship if it finds by clear and convincing evidence that the parent has:

## ISSUE ON APPEAL

J.N. writes several statements in the portion of her brief denoted as "Issues Presented," but none of them pose a direct challenge to the validity of the trial court's order of termination.[3] After reviewing J.N.'s summary of the argument and argument sections, we construe her issue on appeal as a challenge to the voluntariness of her affidavit of relinquishment, which was the basis for the trial court's termination order.

## The Reporter's Record

After the hearing on termination, J.N. filed a notice of appeal and a pauper's oath affidavit. The trial court set two hearings on J.N.'s oath of indigence, but J.N. did not appear at either. The trial court denied J.N.'s request for a court appointed attorney, and J.N. did not appeal the trial court's ruling.

Correspondence from this court informed J.N. that the reporter's record had not been filed because the reporter's preparation fee had not been paid. We informed J.N. that the appeal would be submitted on the clerk's record alone unless proof of full payment to the reporter was provided to us by a certain date. No court reporter's record was filed, and J.N. did not respond to this court's letter. Thus, we informed J.N. that her case would be submitted on the clerk's record alone. Consequently, we can consider and decide only those issues that do not require a

---

executed before or after the suit is filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as provided by this chapter ;

[and]

that termination is in the best interest of the child.

TEX. FAM. CODE ANN. § 161.001(b)(1)(K), (b)(2) (West Supp. 2015).

[3] J.N.'s issues presented are as follows:

Caseworker did not provide all documents to [J.N.] as required[.]

Mediator gave legal advice to [J.N.] and coerced her into signing relinquishment of her parental rights.

The affidavit of relinquishment was not subject to revocation. (Three exceptions)
- Evidence of fraud
- Misrepresentation
- Coercion

Two out of the three applies to myself [J.N.]. Yet I was not the one to attempt to revocate the affidavit.

2

reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c) (providing that appellate court may determine issues not requiring reporter's record if one has not been filed because appellant failed to pay or make arrangements to pay reporter's preparation fee and appellant is not entitled to proceed without payment of costs).

**Effect of Failure to File Reporter's Record**

When no reporter's record is filed, we must presume the missing evidence supports the trial court's ruling. ***Bryant v. United Shortline Inc. Assurance Servs., N.A.***, 972 S.W.2d 26, 31 (Tex. 1998); ***In re Marriage of Spiegel***, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.). We apply the presumption because public policy favors the validity of judgments. ***Green v. Grocers Supply Co. Inc.***, No. 14-14-00320-CV, 2015 WL 3751529, at *2 (Tex. App.—Houston [14th Dist.] June 16, 2015, no pet.). Moreover, when a trial court's judgment includes findings not supplanted by separately filed findings, the findings in the judgment have probative value. *See **In re C.A.B.***, 289 S.W.3d 874, 880–81 (Tex. App.—Houston [14th Dist.] 2009, no pet.); *see also **In re C.K.C.***, No. 12-10-00366-CV, 2011 WL 7099714, at *2 (Tex. App.—Tyler 2011, no pet.) ("In the absence of a reporter's record and separate findings of fact, we must presume that all findings made by the trial court in the judgment were supported by evidence at the trial.").

**AFFIDAVIT OF RELINQUISHMENT**

J.N. contends that her parental rights should not be terminated because she was "coerced" into signing the affidavit of relinquishment of parental rights. The Department waived the filing of a brief.

**Applicable Law**

Section 161.001(b)(1)(K) of the family code permits a trial court to terminate the parent-child relationship if it finds by clear and convincing evidence that the parent has executed an unrevoked or irrevocable affidavit of relinquishment of parental rights. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(K) (West Supp. 2015). Section 161.103 requires that the affidavit be for voluntary relinquishment, and it is implicit in Section 161.001(b)(1)(K) that the affidavit be voluntarily executed. *See id.* §§ 161.001(1)(K), 161.103 (West Supp. 2015); ***In re K.M.L.***, 443 S.W.3d 101, 113 (Tex. 2014). An involuntarily executed affidavit of relinquishment is a complete defense to a termination suit based on Section 161.001(b)(1)(K). ***Id.***

**The Clerk's Record**

According to the clerk's record, this case was referred to mediation. On July 13, 2015, the parties attended mediation and reached an agreement (MSA) providing, in pertinent part, that J.N. would execute an affidavit of relinquishment of her parental rights to G.S. and J.W. The MSA also included terms and conditions regarding the first option for placement and adoption of the children and a secondary option for placement. In the terms and conditions regarding J.N.'s relinquishment, the MSA provided that, upon signing and delivering the affidavit of relinquishment, the Department would seek termination of J.N.'s parental rights based on the voluntary relinquishment, rather than termination on involuntary grounds.

The MSA contains J.N.'s signature, along with acknowledgements that she (1) understood and agreed to every provision in the agreement; (2) signed the agreement and any other documents in connection therewith "voluntarily and not as a result of any fraud, duress, or coercion by any person, specifically including the mediator"; (3) made her decision based on her own investigation of the law and facts and not based on representations made by any other party, including the mediator; (4) understood the agreement represents the entire agreement between the parties and that no other inducements, representations, or promises were made in order to convince her to sign it, including by the mediator; and (5) that the mediator did not serve as her attorney or give her any legal advice.

The clerk's record also contains an affidavit of voluntary relinquishment of parental rights to G.S. and J.W. signed by J.N. The affidavit designates the Department as the managing conservator of the children and consents to their adoption. The affidavit states that termination is in the children's best interest and that J.N. "freely, voluntarily, and permanently give[s] and relinquish[es] to the Department all my parental rights and duties[, and] I consent to the placement of the children for adoption or in substitute care by the Department or by a licensed child-placing agency."

**Discussion**

J.N. contends that the acknowledgements contained in the MSA and affidavit of relinquishment are false, and that they were signed as a result of coercion. The record does not support these contentions, and instead supports the opposite. In its order of termination, the trial court included a finding by clear and convincing evidence that J.N. "executed before or after the suit [wa]s filed an unrevoked or irrevocable affidavit of relinquishment of parental rights as

provided by Chapter 161, Texas Family Code, pursuant to § 161.001(1)[(B)](K), Texas Family Code[.]" By finding the affidavit was executed pursuant to Section 161.001(1)(B)(K), the trial court implicitly found that it was voluntary. *See **In re K.M.L***. 443 S.W.3d at 113.

The trial court made no subsequent findings regarding J.N.'s affidavit of relinquishment. Because there is no reporter's record, and the trial court's findings are probative, we must presume that J.N.'s affidavit was voluntary. *See **In re C.A.B.***, 289 S.W.3d at 880–81; ***In re C.K.C.***, 2011 WL 7099714, at *2. Accordingly, we overrule J.N.'s sole issue on appeal.

## DISPOSITION

Having overruled J.N.'s sole issue on appeal, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered December 16, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)

# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**DECEMBER 16, 2015**

**NO. 12-15-00210-CV**

**IN THE INTEREST OF G.S. AND J.W., CHILDREN**

Appeal from the 321st District Court

of Smith County, Texas (Tr.Ct.No. 14-1915-D)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*