

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-19-00339-CV

---

TERRY FORTENBERRY, APPELLANT

V.

SHERRIE BIRKENFELD
AND FRANKFORD NORTH PROPERTY, LLC, APPELLEES

---

On Appeal from the Lubbock County Court at Law No. 3
Lubbock County, Texas
Trial Court No. 2016-572,076; Hon. Ann-Marie Carruth, Presiding

---

March 5, 2020

## MEMORANDUM OPINION

Before QUINN, C.J., and PIRTLE and PARKER, JJ.

Terry Fortenberry appeals from a final judgment denying him recovery against Sherrie Birkenfeld and Frankford North Property, LLC (Property). Through that judgment, the trial court directed a verdict denying Fortenberry's claim for conversion against Property. It also awarded the latter attorney's fees against Fortenberry as well as the continued possession of a Jeep upon which Property claimed a valid storage lien. Three issues pend for decision. Two involve whether the evidence supported the trial court's decision to grant the directed verdict and find the valid existence and enforcement of a

storage lien. The third concerns the attorney's fees and their availability under the Uniform Declaratory Judgment Act, TEX. CIV. PRAC. & REM. CODE ANN. § 37.001 *et seq*. We affirm.

The underlying dispute purportedly concerns 1) a storage facility which rents units therein, 2) the lessee's failure to pay rent for using one such unit, 3) the lessor's exercise of its statutory lien upon the contents of the storage unit to recover the arrearage, 4) the discovery by the lessor of a supposedly stolen Jeep within the unit, 5) the lessor's exercise of possession over the Jeep per the statutory lien, and 6) the vehicle owner's contention that the lessor converted the vehicle. Fortenberry was the alleged owner of the Jeep, while Property was the lessor. Upon being sued by Fortenberry, Property requested a declaration that its lien was both valid and validly enforced.

A jury trial was convened, and evidence presented. Prior to the cause being submitted to the jury, the trial court granted Property's motion for directed verdict and entered its final judgment. Fortenberry moved for a new trial, which motion was overruled by operation of law. Thereafter, Fortenberry appealed. In doing so, he did not request a reporter's record memorializing the evidence presented at trial. Given this background, we turn to the issues raised on appeal.

*Issues One and Three*

Through Fortenberry's first and third issues, he contends that 1) "sufficient fact issues as to all elements of Appellant's conversion claim, including unauthorized control over the Jeep" existed to preclude a directed verdict and 2) Property "did not establish as

2

a matter of law the existence, validity, and enforcement of Appellees' asserted lien under Texas Property Code Chapter 59."[1]  We overrule the issues.

A trial court's decision to grant or deny a directed verdict is reviewed under the same standard used in assessing the legal sufficiency of the evidence underlying a verdict. *Robbins Ranch Subdivision Homeowners' Ass'n v. Partners of Benchmark Props., L.P.*, No. 12-18-00317-CV, 2019 Tex. App. LEXIS 3913, at *3 (Tex. App.—Tyler May 15, 2019, pet. denied) (mem. op.); *Hunter v. PriceKubecka, PLLC,* 339 S.W.3d 795, 802 (Tex. App.—Dallas 2011, no pet.).  Moreover, the burden lies with the appellant to provide us with an appellate record sufficient to show the trial court erred.  *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990).  A record sufficient to show error when pursuing an issue implicating the legal sufficiency standard of review must include the reporter's record memorializing the evidence admitted at trial, or at the very least an agreed statement of facts.[2]  *In re B.J.H.-T*, No. 12-09-00157-CV, 2011 Tex. App. LEXIS 1518, at *9–10 (Tex. App.—Tyler Mar. 2, 2011, pet. denied) (mem. op.) (stating that a party challenging the legal or factual sufficiency of the evidence on appeal has the burden of bringing forward a complete or agreed statement of facts).  Without it, we are saddled with the impossible task of applying the aforementioned sufficiency standard.  *Mbonu v. Office of the Att'y Gen.*, No. 01-07-00659-CV, 2008 Tex. App. LEXIS 3844, at *12 (Tex.

---

[1] These complaints apparently form the basis of Fortenberry's allegation that the trial court also erred in denying his motion for new trial.  Given this, whether the trial court erred in granting a directed verdict necessarily disposes of his complaints regarding the denial of a new trial. So, we will address his allegations about the directed verdict first.

[2] This is not necessarily true when an appellant requests a partial record per Texas Rule of Appellate Procedure 34.6(c)(1).  When one proceeds under and complies with 34.6(c)(1), we presume that the partial record designated constitutes the entire record for purposes of reviewing the stated points or issues.  TEX. R. APP. P. 34.6(c)(4).  We do not have a Rule 34.6(c)(1) situation before us, though.

App.—Houston [1st Dist.] May 22, 2008, no pet.) (mem. op.) (stating that "[u]nless the appealing party has requested a partial reporter's record, . . . settled law recognizes the impossibility of establishing on appeal that the evidence is either legally or factually insufficient without a complete reporter's record"). Indeed, under those circumstances, we presume that the missing evidentiary record supports the verdict. *In re Estate of Simms*, No. 07-18-00067-CV, 2018 Tex. App. LEXIS 8146, at *2 (Tex. App.—Amarillo Oct. 4, 2018, pet. denied) (mem. op.); *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.).

Here, a trial occurred during which the trial court admitted evidence. Yet, Fortenberry did not request the reporter's record memorializing that trial or evidence. Nor were we provided an agreed statement of facts. Without either, this Court finds itself facing the impossible task mentioned above; we cannot determine whether the trial court erred in entering a directed verdict. Rather, we must presume that the missing evidence supports what the court did and, therefore, reject his complaints about the decision.

*Issue Two*

The final issue before us involves the attorney's fees awarded Property. They were sought and awarded as part of the declaratory relief it pursued and obtained. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2015) (stating that "[i]n any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just"). According to Fortenberry, the award was improper because Property was not entitled to declaratory relief. We overrule the issue.

Fortenberry proffered two grounds underlying his contention. The first related to the delay between the initiation and disposition of the suit. Since the "basic purpose of

4

the [declaratory] remedy is to provide parties with an early adjudication of rights before they have suffered irreparable damage" and that did not happen here, he believed declaratory relief should not have been granted. Admittedly, the statute may be viewed as a means of securing an expeditious adjudication of a dispute. *See Harkins v. Crews*, 907 S.W.2d 51, 56 (Tex. App.—San Antonio 1995, writ denied) (discussing the remedial nature of the Uniform Declaratory Judgments Act and observing that it provides a way for parties to bring suit to determine their relative rights without waiting until they have suffered irreparable damage). Yet, we find nothing within its provisions specifying a time limit by which that adjudication must occur. Nor did Fortenberry cite us to any such provision. Given this and the fact that the statute is a creation of our legislature, we opt not to rewrite it to impose the rather amorphous time restriction suggested by Fortenberry. *See In re Krause Landscape Contrs., Inc.*, __ S.W.3d __, __, 2020 Tex. App. LEXIS 13, at *5–6 (Tex. App.—Amarillo Jan. 2, 2020, no pet.) (observing that as an appellate court, we must enforce a statute as written and avoid rewriting text that the legislators chose).

The second ground offered by Fortenberry consisted of the conclusory assertion that "declaratory judgment was improperly used as a 'vehicle to obtain otherwise impermissible attorney's fees,'" and "[e]ven if this Court holds that Appellees have the superior right to possession of the Jeep and can sell the Jeep, Appellees were not entitled to attorneys' fees under the Act." Little else was said. Being bereft of substantive explanation, the ground was inadequately briefed, and, therefore, waived. *Expelled Grain Prods., LLC v. Corn Mill Enters., LLC*, No. 07-14-00398-CV, 2016 Tex. App. LEXIS 9002, at *12 (Tex. App.—Amarillo Aug. 17, 2016, pet. denied) (mem. op.) (holding that because

5

Expelled Grain provided no discussion or legal citation to support its assertion, the latter was waived).

Moreover, a person whose rights are affected by a statute may have determined any question about the validity of those rights under the statute and obtain a declaration of those rights. TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a). Here, Property sought "a declaration from [the trial] court that acknowledges the legality of [its] remedy in enforcing Lessor's lien by seizure and sale of all contents of Tenant's space by nonjudicial foreclosure under Chapter 59 of the Texas Property Code." We read this as Property asking the trial court to declare two matters. The first was that it acquired a valid statutory lien. *See* TEX. PROP. CODE ANN. § 59.021 (West 2014) (stating that a "lessor has a lien on all property in a self-service storage facility for the payment of charges that are due and unpaid by the tenant"). The second was that it validly enforced the lien. *Id.* § 59.041(b)(1) & (2) (stating that a "lessor may enforce a lien under this chapter by seizing and selling the property to which the lien attached if . . . the seizure and sale [were] made under the terms of a contractual landlord's lien as underlined and printed in conspicuous bold print in a written rental agreement between the lessor and tenant," and the "seizure and sale [were] made in accordance with this chapter"). Because Fortenberry questioned these matters, the dispute between the litigants appeared to come within the scope of § 37.004(a); that is, Property allegedly had rights affected by statute and sought a declaration of those rights *viz-a-viz* Fortenberry. So, without substantive explanation from Fortenberry illustrating why declaratory relief was unavailable, we have difficulty in concluding that it was not. And, if declaratory relief were available to Property, the trial

6

court was authorized to award attorney's fees under § 37.009 of the Uniform Declaratory Judgments Act.

Having overruled all issues, we affirm the final judgment of the trial court.

Brian Quinn
Chief Justice