# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-25-00052-CV

**Veronica Loredo, Appellant**

**v.**

**Lora Williams and Jeff McCoy, Appellees**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-24-005626, THE HONORABLE ERIC SHEPPERD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Veronica Loredo complains of a take-nothing judgment on her claims that appellees Lora Williams and Jeff McCoy improperly removed, retained, and converted her recreational vehicle. She presents nine issues on appeal, but the absence of a reporter's record prevents us from reviewing them. Because in the absence of a reporter's record we must assume that the evidence supported the trial court's findings and judgment, we will affirm the judgment.

Loredo asserts that she was living in an RV on a rented spot but was evicted by Lora Williams. Loredo contends that Williams was not the titled owner of the land and had no right to lease the land or evict her and that McCoy had no right to seize and retain her RV. Loredo contends that the eviction process was unjustified, unauthorized, and improperly executed, and that she has been wrongfully deprived of property and rendered homeless.

Loredo filed a Replevin Complaint at the justice court in Travis County. She sought return of the RV or compensation for its value plus the value of her disposed personal

property, damages for losses due to Williams's wrongful detention and deceptive actions and McCoy's intentional destruction of property, and punitive damages against both defendants.

The justice court held a trial and rendered a take-nothing judgment on Loredo's claims. She sought de novo review by the county court at law. The county court at law also rendered a take-nothing judgment on Loredo's claims.

On appeal to this Court, Loredo raises these issues:

1. Whether the trial court erred in applying a writ of possession under Tex. Prop. Code § 24.0061 to authorize removal of Appellant's RV, despite the statute's limitation to real property.

2. Whether the trial court's abandonment ruling was unsupported by law and fact where Appellant resided in the RV at the time of eviction and made efforts to recover it.

3. Whether Appellant's removal from the lot constituted abandonment under Tex. Prop. Code § 92.014(c), and whether the landlord and third party followed required legal procedures for storage and retrieval.

4. Whether the continued retention and use of Appellant's RV by third parties violated her rights under Tex. Const. Art. I, § 19 and U.S. Const. Amend. XIV.

5. Whether the trial court abused its discretion by failing to recognize that Appellant's RV was her titled personal property and home, not subject to forfeiture under a real property writ.

6. Whether the trial court denied Appellant due process by swearing in only Appellant, restricting her from using notes or evidence, and granting the opposing party procedural advantages.

7. Whether the trial court failed to distinguish between the RV's condition and Appellant's legal ownership and disregarded Tex. Prop. Code § 24.0061(d) requiring proper storage.

8. Whether the trial court overlooked that the third party occupying the RV had no legal interest, title, or claim to it under Texas law.

9. Whether the court erred in accepting actions taken by Ms. Lora Williams, who lacked legal authority to lease or evict as a non-owner with no agreement to act on behalf of the property owner.

These issues all require examination of the evidence or procedure in the trial court that would be revealed by a reporter's record, but there is no reporter's record to review.

We recognize that Loredo is representing herself and that litigating and appealing have sometimes complex rules. While courts are to "construe pro se pleadings and briefs liberally," *Canada v. State*, 547 S.W.3d 4, 10 (Tex. App.—Austin 2017, no pet.), pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure. *See Wheeler v. Green*, 157 S.W.3d 439, 444 (Tex. 2005) (per curiam) (pro se litigants are held to same standards as licensed attorneys and are required to comply with applicable laws and procedural rules).

An appellant has the burden to request in writing that the official reporter prepare the reporter's record. *See* Tex. R. App. P. 34.6(b); *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 257 (Tex. App.—Corpus Christ-Edinburg 2014, no pet.). In this case, when this Court's clerk inquired about the absence of a reporter's record, the reporter replied that no request had been made. This Court's clerk sent notice to Loredo reciting the message that no reporter's record had been requested; the notice requested that Loredo either provide this Court with written verification that she had requested a reporter's record or file her brief. Loredo filed her brief without requesting a reporter's record.

The absence of a reporter's record is dispositive of the issues presented. As plaintiff, Loredo had the burden to prove her case. "Without a reporter's record we do not know what, if any, evidence was presented to the trial court." *In re Spiegel*, 6 S.W.3d 643, 646 (Tex.

3

App.—Amarillo 1999, no pet.). Without a reporter's record, we must presume that the missing evidence supported the trial court's judgment. *Bennett v. Cochran*, 96 S.W.3d 227, 230 (Tex. 2002); *J. W. v. Texas Dep't of Fam. & Protective Servs.*, No. 03-23-00151-CV, 2023 WL 5208035, at *3 (Tex. App.—Austin Aug. 15, 2023, pet. denied) (mem. op.). Statements in a brief that are unsupported by the record cannot be accepted as facts by an appellate court. *J.W.*, 2023 WL 5208035, at *3. Further, we do not know what issues were presented to and ruled on by the county court at law as generally required to preserve error. *See* Tex. R. App. P. 33.1.

The clerk's record contains pleadings and documents attached to those pleadings including photographs and screenshots of text exchanges. These were filed at the justice court, then sent to the county court at law. Items in the clerk's record, however, are not evidence unless they were admitted as exhibits at trial or judicially noticed by the trial court. *Siddiqui v. Siddiqui*, No. 14-07-00235-CV, 2009 WL 508260, at *2 (Tex. App.—Houston [14th Dist.] Mar. 3, 2009, pet. denied). We do not know which, if any, of the items in the clerk's record were offered, objected to, excluded, or admitted as evidence at the trial.

Loredo has raised issues on appeal that require review of a reporter's record but did not request preparation of the reporter's record. Accordingly, we must presume that the absent record supports the trial court's implicit findings and judgment, overrule all her issues, and affirm the judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Crump and Ellis

Affirmed

Filed:   August 13, 2025