NO. 07-10-00353-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 27, 2011

IN THE INTEREST OF J.J.K., A CHILD

FROM THE 223RD DISTRICT COURT OF GRAY COUNTY;

NO. 33,952; HONORABLE LEE WATERS, JUDGE

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellant, Joseph S. Kirkland, appeals a judgment from a jury verdict awarding sole managing conservatorship of J.J.K. to appellee, Jennifer Jolene Smith, and further finding that naming Kirkland as possessory conservator of the child would not be in the best interest of the child. Kirkland appeals through two issues. We will affirm.

Factual and Procedural Background

The judgment that Kirkland appeals from is the result of a five-year legal battle in a suit affecting the parent-child relationship. After the original suit was settled by agreement, Kirkland filed a motion for new trial, or in the alternative, another suit alleging a change of status of the child or parent requiring a modification of the

judgment. This suit was also terminated by an agreed judgment. Within the year, Kirkland filed yet another suit requesting to modify the parent-child relationship. Eventually, Smith filed a counter petition to modify the parent-child relationship and these matters were tried before a jury on July 19-21, 2010. The jury returned its verdict on July 21, answering all jury questions against Kirkland. The trial court entered its judgment on the jury's answers to the jury questions on August 5, 2010. Kirkland filed his notice of appeal on September 7, 2010.[1]

Subsequently, Kirkland made at least three attempts to file briefs meeting the requirements of the Texas Rules of Appellate Procedure; however, the first two attempts resulted in Kirkland being advised that the briefs filed failed to meet the requirements of the rules. See TEX. R. APP. P. 38.1.[2] Finally, on April 6, 2011, Kirkland filed a brief that was acceptable. The clerk's record in this matter was filed on December 6, 2010. However, no reporter's record has been received by the Court.

On October 7, 2010, the Court advised Kirkland that the official reporter had filed for an extension of time to file the reporter's record. Kirkland was also advised, on that date, that he needed to certify back to the Court that he had requested preparation of the reporter's record and made arrangements to pay for the same by October 25, 2010. On November 15, 2010, this Court advised Kirkland that no reporter's record had been received and that the official reporter had advised the Court that Kirkland had not

---

[1] Kirkland's notice of appeal was due September 5, 2010, however this was a Sunday and the following day was a holiday, Labor Day, which made Kirkland's notice timely by being filed on September 7, 2010. See TEX. R. APP. P. 4.1 and 26.1.

[2] Further reference to the Texas Rules of Appellate Procedure will be by reference to "Rule ___" or "rule ___."

requested preparation of any part of the reporter's record nor had Kirkland made arrangements to pay for the record. Based upon this information, Kirkland was advised that the matter would be decided in the absence of a reporter's record. See Rule 37.3(c). Kirkland has never claimed to be indigent or that he is otherwise permitted to proceed without payment of costs of appeal.

Smith's brief is not yet due at this Court. See Rule 38.6(b). In order to expedite a decision in this matter, we will, on our own initiative, suspend the operation of rules 38.6(b) and 39.8, and consider the issues raised by Kirkland's brief. See Rule 2.

Kirkland's issues are that: 1) he has never been found to be a threat to the child's emotional or physical state, and 2) Smith was in contempt many times creating the climate that led to the extensive litigation. Under the background facts and procedures of the case, as reflected above, we construe Kirkland's issues to attack the sufficiency of the evidence to support the jury's verdict and subsequent judgment.

## Analysis

After appropriate instructions were given, the jury was asked whether the order in existence that controlled the parent-child relationship should be changed to designate Kirkland as the conservator with exclusive right to designate the primary residence of the child. The jury answered "No." The jury was then asked if the joint managing conservatorship of the child should be replaced by a sole managing conservatorship. The jury answered "Yes." Pursuant to the trial court's instructions, the jury then

3

answered that Smith, who was then known as Jennifer Jolene Martindale,[3] should be named sole managing conservator of the minor child. Finally, when asked who, if anyone, should be named possessory conservator and given the option of naming Kirkland, the jury answered "None." Based upon these answers, the trial court entered its judgment removing the parties as joint managing conservators, naming Smith as the sole managing conservator, and finding it was not in the best interest of the child to name Kirkland possessory conservator of the child.

Standard of Review

Under our construction of Kirkland's issues, we must assume he intends to attack both the legal and factual sufficiency of the evidence.

Legal Sufficiency

According to City of Keller v. Wilson, 168 S.W.3d 802, 810 (Tex. 2005), "'No evidence' points must, and may only, be sustained when the record discloses one of the following situations: a) a complete absence of evidence of a vital fact; b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; c) the evidence offered to prove a vital fact is no more than a mere scintilla; d) the evidence establishes conclusively the opposite of the vital fact." When reviewing an attack on the legal sufficiency of the evidence on an issue that the appellant has the burden of proof, we are to review the evidence supporting the jury finding to determine whether there is no evidence to support this finding, and then we

---

[3] Appellee had previously remarried and, at time of trial, was using Martindale as her last name.

must review all of the evidence to determine whether all facts are established for the contrary position as a matter of law. Dow Chem. Co. v. Francis, 46 S.W.3d 237, 241 (Tex. 2001) (citing Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989)). Our review consists of our viewing the evidence in the light most favorable to the verdict, crediting favorable evidence if reasonable jurors could, and disregarding all contrary evidence unless reasonable jurors could not. City of Keller, 168 S.W.3d at 807. Finally, we may not substitute our judgment for that of the trier of fact as long as the evidence would allow reasonable and fair-minded people to differ in their conclusion. Id. at 822. This is but another way of saying that so long as there is at least a scintilla of evidence to support the jury's answer to the fact question at issue, the legal sufficiency challenge must fail. Tarrant Reg'l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004).

Factual Sufficiency

In a factual sufficiency review, we consider all of the evidence, both supporting and contrary to the jury's answer to the fact question at issue. Plas-Tex, Inc. v U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989). Because the jury question involved in our analysis was one that Kirkland bore the burden of proof on, we will only reverse if we find that the jury's answer is against the great weight and preponderance of the evidence. Dow Chem. Co., 46 S.W.3d at 242. In order to reverse on a factual sufficiency point, we must be convinced that the jury's answer to the question at issue was clearly wrong and manifestly unjust. Cain v. Bain, 709 S.W.2d 175, 176 (Tex. 1986).

5

As can be seen by the standard of review for either legal or factual sufficiency, we are required to review the evidence to determine if that evidence is sufficient to sustain the jury's verdict. Inasmuch as Kirkland has not provided the Court with the reporter's record, there is nothing for us to review. See In re Spiegel, 6 S.W.3d 643, 646 n.1 (Tex.App.—Amarillo 1999, no pet.) Accordingly, we can only say that, based upon the record that is before us, the jury's answers must stand and the trial court's judgment must be affirmed.

Conclusion

The judgment of the trial court is affirmed.


Mackey K. Hancock
Justice