TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00261-CV






Bobby Oxford, Jr., Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT

NO. 755, HONORABLE BEN WOODWARD, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from an order terminating the parental rights of appellant
Bobby Oxford, Jr. In three issues on appeal, Oxford asserts that the evidence is insufficient to
support a finding that termination was in the best interest of the child, that the district court erred
in considering evidence of a prior criminal conviction of Oxford, and that the district court
failed to consider evidence that Oxford was the primary caretaker of the child. We will affirm the
termination order.











BACKGROUND

 The following summary is taken from documents in the clerk's record. (1) The
Texas Department of Family and Protective Services (the Department) filed a petition seeking to
terminate Oxford's parental rights to his daughter, S.B., who was approximately two years old at the
time the petition was filed. (2) The termination suit was based in part on allegations that Oxford had
knowingly placed or knowingly allowed the child to remain in conditions or surroundings which
endanger the physical or emotional well-being of the child; engaged in conduct or knowingly placed
the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child; executed before or after the suit was filed an unrevoked or irrevocable affidavit
of relinquishment of parental rights; and failed to comply with the provisions of a court order that
specifically established the actions necessary to obtain the return of the child. See Tex. Fam. Code
Ann. § 161.001(1)(D), (E), (K), (O) (West Supp. 2011). (3)

 After a final hearing, the district court terminated Oxford's parental rights. Upon
request, the district court made findings of fact and conclusions of law, including the following:


Bobby Oxford knowingly placed or knowingly allowed [S.B.] to remain in conditions
or surroundings which endanger the physical or emotional well-being of [S.B.]


Bobby Oxford engaged in conduct or knowingly placed [S.B.] with persons who
engaged in conduct which endangers the physical or emotional well-being of [S.B.]


Bobby Oxford failed to comply with the provisions of a court order that specifically
established the actions necessary for Bobby Oxford to obtain the return of [S.B.],
who has been in the permanent or temporary managing conservatorship of the
Department of Family and Protective Services for not less than nine months as a
result of [S.B.'s] removal from Bobby Oxford under Chapter 262 for the abuse or
neglect of [S.B.]


Bobby Oxford knowingly engaged in criminal conduct that has resulted in
Bobby Oxford's: (i) conviction of an offense; and (ii) confinement or imprisonment
and inability to care for [S.B.] for not less than two years from the date of filing
the petition.


Termination of Bobby Oxford's parental rights to [S.B.] is in the child's best interest.


This appeal followed.

ANALYSIS

 In his first issue, Oxford asserts that the evidence is insufficient to support a finding
that termination of his parental rights was in the best interest of the child. In his second issue,
Oxford claims that the district court "erred in considering the impact of [Oxford's] criminal
conviction in finding that [Oxford's] parental rights should be terminated for the reason that
[Oxford] is attempting to have said conviction overturned." (4) Finally, in his third issue, Oxford
contends that the district court "erred in failing to consider that the great weight of the evidence
showed that [Oxford] was the primary caretaker of the child prior to the child being removed by
[the Department]." (5)

 In the absence of a reporter's record, we can consider and decide only those issues
or points that do not require a reporter's record for a decision. See Tex. R. App. P. 37.3(c). None
of the issues Oxford raises on appeal can be decided without a reporter's record. His first and
third issues require us to review the sufficiency of the evidence supporting the district court's fact
findings. Without a reporter's record of the hearing on which the court's findings were based, we
could not conclude that the evidence is insufficient to support the district court's findings. See
Bryant v. United Shortline Inc. Assurance Servs., N.A., 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge
every presumption in favor of the trial court's findings in the absence of a statement of facts.");
In re Spiegel, 6 S.W.3d 643, 646 (Tex. App.--Amarillo 1999, no pet.) ("Without a reporter's record
we do not know what, if any, evidence was presented to the trial court."); see also In re J.J.K.,
340 S.W.3d 535, 538 (Tex. App.--Amarillo 2011, no pet.) ("As can be seen by the standard
of review for either legal or factual sufficiency, we are required to review the evidence to determine
if that evidence is sufficient to sustain the jury's verdict. Inasmuch as [appellant] has not
provided the Court with the reporter's record, there is nothing for us to review."); In re B.D.,
No. 11-10-00176-CV, 2011 Tex. App. LEXIS 5643, at *4 (Tex. App.--Eastland July 21, 2011,
no pet.) (per curiam) (mem. op.) ("In the absence of a reporter's record, there is a presumption that
the evidence is legally and factually sufficient to support the trial court's decision" to terminate
parental rights). We overrule Oxford's first and third issues.

 Similarly, Oxford's second issue requires us to review the admissibility of evidence
relating to Oxford's criminal conviction. But without a reporter's record, we cannot determine
(1) whether Oxford preserved error regarding the admissibility of the challenged evidence; (2) if he
did, whether the district court abused its discretion in admitting the evidence; and (3) whether any
error in admitting the evidence harmed Oxford. See Tex. R. App. P. 33.1 (preservation of error),
44.1 (reversible error in civil cases); Interstate Northborough P'ship v. State, 66 S.W.3d 213, 220
(Tex. 2001) (explaining that decision of whether to admit or exclude evidence is matter committed
to trial court's sound discretion; that to reverse judgment based on claimed error in admitting
or excluding evidence, challenging party must show that error "probably resulted in an improper
judgment"; and that court must "review the entire record" in making that determination); see also
Amegnisso-Tossou v. Westminster Manor, No. 03-02-00009-CV, 2002 Tex. App. LEXIS 6362,
at *4-5 (Tex. App.--Austin Aug. 30, 2002, no pet.) (overruling challenge to admissibility of
evidence because, in absence of reporter's record, appellant was unable to demonstrate either
preservation of error or harmful error). We overrule Oxford's second issue.


CONCLUSION

 We affirm the order terminating Oxford's parental rights.



 __________________________________________

 Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed: March 21, 2012

1. The reporter's record in this case has not been filed. This Court notified Oxford's counsel
that the reporter's record had not been filed and advised him that if he did not make arrangements
to pay for the record, we would consider the appeal without the reporter's record. See Tex. R.
App. P. 37.3(c). Counsel has subsequently advised this Court that no reporter's record would
be forthcoming because Oxford cannot afford to make payment for the reporter's record and
the district court has determined that Oxford is not entitled to a free record on appeal. We have
also received a letter from the district court informing us that it had held a hearing pursuant to
section 263.405 of the family code and had determined that an appeal by Oxford was frivolous. See
Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332, repealed by
Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 5, 2011 Tex. Gen. Laws 348, 349. Therefore, pursuant
to section 13.003 of the civil practice and remedies code, the district court would not order the
court reporter to provide a free reporter's record. See Tex. Civ. Prac. & Rem. Code Ann. § 13.003
(West 2002). Oxford does not challenge on appeal the district court's determination that his appeal
is frivolous and that he is not entitled to a free record on appeal.


 We note that the final nunc pro tunc order terminating Oxford's parental rights, signed
March 10, 2011, predates the September 1, 2011, effective date of the law repealing the portions
of section 263.405 that are relevant here. See Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 5,
2011 Tex. Gen. Laws 348, 349. The order also predates the March 1, 2012, effective date of a new
rule of appellate procedure providing that section 13.003 of the civil practice and remedies code no
longer applies to an appeal from a parental termination or child protection case. See Tex. R. App.
P. 28.4(b)(3). 
2. Although the record contains inconsistent dates of S.B.'s birth, the district court found that
S.B. was born on October 21, 2007.
3. The primary factual basis of the Department's allegations appears to be Oxford's criminal
conduct. According to other documents filed by the Department in this case, Oxford was
incarcerated during the pendency of the termination proceedings for the alleged sexual assault of his
15-year-old stepdaughter, had a criminal history which included sexual acts with a minor, and is a
registered sex offender in the State of Texas for the sexual assault of a nine-year-old child. In his
brief, Oxford represents that he pleaded guilty to and is serving a 30-year sentence for the underlying
criminal offense.
4. We note that we have found no record of any appeal from Oxford's conviction. Moreover,
counsel notes in his brief that he does not represent Oxford in the underlying criminal proceeding
and that he has not been provided with "any information of actual steps or actions taken for reversal
of the criminal case."
5. The Department has not filed a brief in this case.