# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-11-00261-CV

Bobby Oxford, Jr., Appellant

v.

Texas Department of Family and Protective Services, Appellee

FROM THE DISTRICT COURT OF RUNNELS COUNTY, 119TH JUDICIAL DISTRICT
NO. 755, HONORABLE BEN WOODWARD, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of appellant Bobby Oxford, Jr. In three issues on appeal, Oxford asserts that the evidence is insufficient to support a finding that termination was in the best interest of the child, that the district court erred in considering evidence of a prior criminal conviction of Oxford, and that the district court failed to consider evidence that Oxford was the primary caretaker of the child. We will affirm the termination order.

## BACKGROUND

The following summary is taken from documents in the clerk's record.[1] The Texas Department of Family and Protective Services (the Department) filed a petition seeking to terminate Oxford's parental rights to his daughter, S.B., who was approximately two years old at the time the petition was filed.[2] The termination suit was based in part on allegations that Oxford had knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child; engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-

---

[1] The reporter's record in this case has not been filed. This Court notified Oxford's counsel that the reporter's record had not been filed and advised him that if he did not make arrangements to pay for the record, we would consider the appeal without the reporter's record. *See* Tex. R. App. P. 37.3(c). Counsel has subsequently advised this Court that no reporter's record would be forthcoming because Oxford cannot afford to make payment for the reporter's record and the district court has determined that Oxford is not entitled to a free record on appeal. We have also received a letter from the district court informing us that it had held a hearing pursuant to section 263.405 of the family code and had determined that an appeal by Oxford was frivolous. *See* Act of May 12, 2005, 79th Leg., R.S., ch. 176, § 1, 2005 Tex. Gen. Laws 332, 332, *repealed by* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 5, 2011 Tex. Gen. Laws 348, 349. Therefore, pursuant to section 13.003 of the civil practice and remedies code, the district court would not order the court reporter to provide a free reporter's record. *See* Tex. Civ. Prac. & Rem. Code Ann. § 13.003 (West 2002). Oxford does not challenge on appeal the district court's determination that his appeal is frivolous and that he is not entitled to a free record on appeal.

We note that the final nunc pro tunc order terminating Oxford's parental rights, signed March 10, 2011, predates the September 1, 2011, effective date of the law repealing the portions of section 263.405 that are relevant here. *See* Act of May 5, 2011, 82d Leg., R.S., ch. 75, § 5, 2011 Tex. Gen. Laws 348, 349. The order also predates the March 1, 2012, effective date of a new rule of appellate procedure providing that section 13.003 of the civil practice and remedies code no longer applies to an appeal from a parental termination or child protection case. *See* Tex. R. App. P. 28.4(b)(3).

[2] Although the record contains inconsistent dates of S.B.'s birth, the district court found that S.B. was born on October 21, 2007.

being of the child; executed before or after the suit was filed an unrevoked or irrevocable affidavit of relinquishment of parental rights; and failed to comply with the provisions of a court order that specifically established the actions necessary to obtain the return of the child. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (K), (O) (West Supp. 2011).[3]

After a final hearing, the district court terminated Oxford's parental rights. Upon request, the district court made findings of fact and conclusions of law, including the following:

> Bobby Oxford knowingly placed or knowingly allowed [S.B.] to remain in conditions or surroundings which endanger the physical or emotional well-being of [S.B.]

> Bobby Oxford engaged in conduct or knowingly placed [S.B.] with persons who engaged in conduct which endangers the physical or emotional well-being of [S.B.]

> Bobby Oxford failed to comply with the provisions of a court order that specifically established the actions necessary for Bobby Oxford to obtain the return of [S.B.], who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of [S.B.'s] removal from Bobby Oxford under Chapter 262 for the abuse or neglect of [S.B.]

> Bobby Oxford knowingly engaged in criminal conduct that has resulted in Bobby Oxford's: (i) conviction of an offense; and (ii) confinement or imprisonment and inability to care for [S.B.] for not less than two years from the date of filing the petition.

> Termination of Bobby Oxford's parental rights to [S.B.] is in the child's best interest.

This appeal followed.

---

[3] The primary factual basis of the Department's allegations appears to be Oxford's criminal conduct. According to other documents filed by the Department in this case, Oxford was incarcerated during the pendency of the termination proceedings for the alleged sexual assault of his 15-year-old stepdaughter, had a criminal history which included sexual acts with a minor, and is a registered sex offender in the State of Texas for the sexual assault of a nine-year-old child. In his brief, Oxford represents that he pleaded guilty to and is serving a 30-year sentence for the underlying criminal offense.

**ANALYSIS**

In his first issue, Oxford asserts that the evidence is insufficient to support a finding that termination of his parental rights was in the best interest of the child. In his second issue, Oxford claims that the district court "erred in considering the impact of [Oxford's] criminal conviction in finding that [Oxford's] parental rights should be terminated for the reason that [Oxford] is attempting to have said conviction overturned."[4] Finally, in his third issue, Oxford contends that the district court "erred in failing to consider that the great weight of the evidence showed that [Oxford] was the primary caretaker of the child prior to the child being removed by [the Department]."[5]

In the absence of a reporter's record, we can consider and decide only those issues or points that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c). None of the issues Oxford raises on appeal can be decided without a reporter's record. His first and third issues require us to review the sufficiency of the evidence supporting the district court's fact findings. Without a reporter's record of the hearing on which the court's findings were based, we could not conclude that the evidence is insufficient to support the district court's findings. *See Bryant v. United Shortline Inc. Assurance Servs., N.A.*, 972 S.W.2d 26, 31 (Tex. 1998) ("We indulge every presumption in favor of the trial court's findings in the absence of a statement of facts."); *In re Spiegel*, 6 S.W.3d 643, 646 (Tex. App.—Amarillo 1999, no pet.) ("Without a reporter's record

---

[4] We note that we have found no record of any appeal from Oxford's conviction. Moreover, counsel notes in his brief that he does not represent Oxford in the underlying criminal proceeding and that he has not been provided with "any information of actual steps or actions taken for reversal of the criminal case."

[5] The Department has not filed a brief in this case.

4

we do not know what, if any, evidence was presented to the trial court."); *see also In re J.J.K.*, 340 S.W.3d 535, 538 (Tex. App.—Amarillo 2011, no pet.) ("As can be seen by the standard of review for either legal or factual sufficiency, we are required to review the evidence to determine if that evidence is sufficient to sustain the jury's verdict. Inasmuch as [appellant] has not provided the Court with the reporter's record, there is nothing for us to review."); *In re B.D.*, No. 11-10-00176-CV, 2011 Tex. App. LEXIS 5643, at *4 (Tex. App.—Eastland July 21, 2011, no pet.) (per curiam) (mem. op.) ("In the absence of a reporter's record, there is a presumption that the evidence is legally and factually sufficient to support the trial court's decision" to terminate parental rights). We overrule Oxford's first and third issues.

Similarly, Oxford's second issue requires us to review the admissibility of evidence relating to Oxford's criminal conviction. But without a reporter's record, we cannot determine (1) whether Oxford preserved error regarding the admissibility of the challenged evidence; (2) if he did, whether the district court abused its discretion in admitting the evidence; and (3) whether any error in admitting the evidence harmed Oxford. *See* Tex. R. App. P. 33.1 (preservation of error), 44.1 (reversible error in civil cases); *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001) (explaining that decision of whether to admit or exclude evidence is matter committed to trial court's sound discretion; that to reverse judgment based on claimed error in admitting or excluding evidence, challenging party must show that error "probably resulted in an improper judgment"; and that court must "review the entire record" in making that determination); *see also Amegnisso-Tossou v. Westminster Manor*, No. 03-02-00009-CV, 2002 Tex. App. LEXIS 6362, at *4-5 (Tex. App.—Austin Aug. 30, 2002, no pet.) (overruling challenge to admissibility of

5

evidence because, in absence of reporter's record, appellant was unable to demonstrate either preservation of error or harmful error).  We overrule Oxford's second issue.

## CONCLUSION

We affirm the order terminating Oxford's parental rights.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Affirmed

Filed:   March 21, 2012