

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-18-00067-CV

IN THE ESTATE OF CHARLOTTE DIAL SIMMS, DECEASED

On Appeal from the 121st District Court
Terry County, Texas
Trial Court No. 20,285, Honorable Pat Phelan, Presiding

October 4, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Lonnie D. Clark and Til Dawn Tatum, acting *pro se*, appeal from a final order admitting for probate the April 27, 2015 last will and testament of Charlotte Dial Simms. The limited appellate record before us indicates that a dispute arose regarding whether the will was actually the last one executed by the decedent. The trial court submitted the controversy to a jury, and that body entered its verdict finding the April 27th instrument to be the decedent's valid testament. Though the argument posed by Clark and Tatum is somewhat unclear, we read it as their attempt to attack the evidentiary basis of the verdict. So too does Clark question whether the trial court infringed upon his constitutional rights

when it allegedly ordered him to appear for trial despite his having a previously scheduled medical conflict. We affirm.

Regarding whether the evidence was sufficient to support the jury's verdict, we say the following. Neither Clark nor Tatum requested a reporter's record of the trial. Indeed, they told us via letter that the document would not be requested. This raises an insurmountable obstacle to their success on appeal. The standards of review by which we abide when assessing the legal and factual sufficiency of the evidence underlying a verdict obligate us to review the evidence of record. *See In re J.J.K.*, 340 S.W.3d 535, 538 (Tex. App.—Amarillo 2011, no pet.) (citing *In re Marriage of Spiegel*, 6 S.W.3d 643, 646 n.1 (Tex. App.—Amarillo 1999, no pet.)). When an appellant fails to provide us a record of that evidence, there is nothing for us to review. *See id.* Rather, in those circumstances, we presume that the missing record actually supported the verdict. *See In re Marriage of Spiegel*, 6 S.W.3d at 646 (relying on TEX. R. APP. P. 37.3(c) and noting that "we need not consider those issues that are dependent upon the presence of the [reporter's record]"). Thus, the option with which we are left is to overrule the attack upon the sufficiency of the evidence underlying the jury's verdict.

Regarding the matter of appearing for trial and Clark's constitutional rights, the record before us discloses that Clark moved to quash a subpoena mandating his appearance at trial. A conflicting medical procedure served as a ground for his motion. He also filed a motion for protective order and mentioned the same ground therein. So too did he allude to a general "invasion of personal, constitutional, or property rights" in the latter motion. Though the trial court scheduled Clark's motions for an emergency hearing, a transcription of that hearing was not included in the appellate record. Nor does

the appellate record indicate that the trial court actually ruled on them. Additionally, the absence of a reporter's record of the actual trial prevents us from even determining if the issue was resolved prior to trial, either urged or abandoned at trial, or considered by the trial court.

To preserve a complaint for review, one must not only bring the matter to the trial court's attention. The record also must show that the trial court ruled or refused to rule on the complaint. *Seim v. Allstate Tex. Lloyds*, 551 S.W.3d 161, ___ (Tex. 2018) (per curiam). Because the limited record before us does not do that, the complaints related to the foregoing motions were not preserved for review. Thus, we overrule them.

The final issue before us concerns a motion for sanctions. The appellees, Bryan Burrows and J. Kathleen Moore, ask us to consider awarding same against Clark and Tatum because the latter "made no effort to present any issue to the Court in a manner that would support reversal, or even the application, extension or modification of existing law." Another reason offered to support the request pertains to an alleged intent on the part of Clark to cause delay. That is, Burrows/Moore tell us that "Clark has expressly threatened Burrows he would tie up the case on appeal for 'as long as four years' unless Burrows and Moore threw Clark a bone." Yet, we were cited to nothing of record illustrating that Clark made such a statement; simply mentioning it in an appellees brief, as they do here, does not fill the void. *See Bridges v. State*, No. 07-17-00215-CR, 2018 Tex. App. LEXIS 2059, at *12 n.2 (Tex. App.—Amarillo Mar. 21, 2018, no pet.) (mem. op., not designated for publication) (citing *Vanderbilt v. State*, 629 S.W.2d 709, 717 (Tex. Crim. App. 1981), and noting that "comments by an attorney in an appellate brief are not evidence").

3

Texas Rule of Appellate Procedure 45 authorizes an appellate court to sanction an appellant if it determines the appeal is frivolous. TEX. R. APP. P. 45. The decision to do so lies within our sound discretion, though. *Cogsdil v. Jimmy Fincher Body Shop, LLC,* No. 07-16-00303-CV, 2017 Tex. App. LEXIS 10166, at *10 (Tex. App.—Amarillo Oct. 30, 2017, pet. denied) (mem. op.). And, in exercising our discretion, not only must we act with prudence, caution, and careful deliberation but also view the record from the perspective of the appellant. *See Johnson v. Riggs*, No 07-12-00095-CV, 2013 Tex. App. LEXIS 3150, at *6–7 (Tex. App.—Amarillo Mar. 22, 2013, no pet.) (mem. op.). Having abided by these admonitions, we deny the Burrows/Moore request for sanctions.

The final judgment of the trial court is affirmed.


Brian Quinn
Chief Justice